United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

RAYMOND GRAY,

    Petitioner,

vs.

P. E. BRAZELTON, Warden,

    Respondent.

_____/

No. C 12-2335 PJH (PR)

**ORDER DISMISSING CASE AND GRANTING CERTIFICATE OF APPEALABIITY**

    This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Petitioner had a previous federal habeas petition in this court, C 06-0935 MMC (PR), *Gray v. Evans.* On April 10, 2007, the court granted petitioner's motion to voluntarily dismiss it after the respondent had moved to dismiss on statute of limitations grounds. In the order of dismissal, Judge Chesney warned petitioner that "any untimeliness arguments would, at a minimum, be applicable equally to a new petition filed by petitioner at [a] later date."

    Because petitioner's allegations in the petition in this case suggested that the petition was grossly untimely, the court ordered him to show cause why the case should not be dismissed as barred by the statute of limitations. Petitioner has responded.

## DISCUSSION

    The statute of limitations is codified at 28 U.S.C. § 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme

Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  *Id.* § 2244(d)(2).

Petitioner says in his petition that the California Supreme Court denied his petition for review in his direct appeal in June of 2004, so the statute of limitations began running in September of 2004, when the time to petition the United States Supreme Court for a writ of certiorari expired.  *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) ("Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition). He also says that he has not filed any state petitions with respect to this judgment, so there is no statutory tolling.  *See* 28 U.S.C. § 2244(d)(2) (time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit for federal habeas petitions).  Because this petition was not filed until April 20, 2012, it thus appears to be barred by the statute of limitations.

In an attempt to avoid the statute of limitations, petitioner contends that he is the victim of a fundamental miscarriage of justice – that he is actually innocent.  "[A] credible showing of 'actual innocence' under *Schlup v. Delo*, 513 U.S. 298 (1995), excuses the statute of limitations period established by [AEDPA]." *Lee v. Lampert*, 653 F.3d 929, 931 (9th Cir. 2011) (en banc).  Under this "equitable exception," a petitioner "may pass through the *Schlup* gateway and have his otherwise time-barred claims heard on the merits."  *Id.* at 932.

In order to pass through the *Schlup* gateway, "a petitioner must produce sufficient proof of his actual innocence to bring him "within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'"  *Id.* at 937 (internal quotation marks and citations omitted).  "The evidence of innocence must be 'so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free

2

of nonharmless constitutional error.'"  *Id.* at 937-38 (quoting *Schlup*, 513 U.S. at 316).  A petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Schlup*, 513 U.S. at 327.  This exacting standard "permits review only in the 'extraordinary' case," but it "does not require absolute certainty about the petitioner's guilt or innocence."  *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327).

A petitioner must support his claims "with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial."  *Schlup*, 513 U.S. at 324.  Petitioner does not do this, or even attempt to.  Instead he argues the merits of his legal claims.  Even if he were correct in those contentions, that would only establish that the conviction was legally incorrect, not that he is actually innocent.  The petition is barred by the statute of limitations.

## CONCLUSION

The petition is **DISMISSED** as barred by the statute of limitations.  But because reasonable jurists might find the result here to be debatable or wrong, a certificate of appealability ("COA") under 28 U.S.C. § 2253(c) is **GRANTED**.  Petitioner should note that despite the grant of a COA, if he wishes to appeal he must file a timely notice of appeal.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  August 7, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.12\Gray2335.dsm s-l.wpd

3